**Sunita RANI, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–40571–ag.

United States Court of Appeals, Second Circuit.

April 17, 2006.

Sunita Rani, Woodmere, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Steven Kim, Edward K. Newman, Assistant United States Attorneys, Brooklyn, New York, for Respondent, of counsel.

PRESENT: Hon. WALKER, Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Sunita Rani petitions for review of the BIA's August 29, 2003 order denying her motion to reopen her removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Id.* at 233–34 (quoting *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001)).

The BIA did not abuse its discretion in denying Rani's motion. The BIA reasonably found that the motion, which was filed over nine months after the BIA issued its decision, was untimely under 8 C.F.R. § 1003.2(c)(2). The BIA sent its decision regarding Rani's appeal to the address that was provided by Rani's counsel. Although Rani claims that "she could not file

the motion to reopen in 90 days as [s]he did not receive any decision for her appeal with the BIA" and only learned that her appeal was dismissed when she "filed for employment authorization," Rani does not claim, and has presented no evidence showing that, her counsel did not receive the decision or that her counsel was ineffective. The BIA also reasonably found that the evidence Rani submitted with her motion to reopen, which she claims proves "how Hindus were killed in India," did not meet the changed-circumstances regulatory exception for untimely motions under 8 C.F.R. § 1003.2(c)(3)(ii). In her motion to reopen, Rani fails to explain both how the four articles on India that she submitted relate to her particular claim and how they show changed circumstances in India.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).